[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15293
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60091-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALCIUS CALIXTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 24, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Alcius Calixte ("Calixte") appeals his 41-month sentence imposed for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). On appeal, Calixte argues that his sentence is procedurally and substantively unreasonable because the district court placed undue weight on the advisory sentencing guidelines and failed to give adequate consideration to, and analysis of, factors under 18 U.S.C. § 3553(a). Calixte argues that the district court's failure to give proper consideration to § 3553(a)(1), the history and characteristics of the defendant, is reflected by the fact that the district court did not sentence him below the advisory guidelines range despite his presentation of mitigating factors.

We review sentences for reasonableness. *See United States v. Booker*, 543 U.S. 220, 261-64, 125 S. Ct. 738, 765-67, 160 L. Ed. 2d 621 (2005). We will reverse only for abuse of discretion, giving deference to the district court. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 591, 169 L. Ed. 2d. 445 (2007). A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *Id.* at ___, 128 S. Ct. at 597. The Supreme Court has suggested that a sentence is substantively

unreasonable if it is not supported by the § 3553(a) factors. *Id.* at ___, 128 S. Ct. at 600.

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(6).

After reviewing the record and reading the parties' briefs, we conclude that the district court followed the proper sentencing procedures by treating the guidelines as advisory and considering the § 3553(a) factors. Because Calixte's sentence is no greater than necessary to fulfill the statutory purposes of sentencing, the district court did not abuse its discretion by declining to impose a below-guidelines sentence. Accordingly, we affirm Calixte's sentence.

**AFFIRMED.**